[No. 30807-0-II.   Division Two.   June 2, 2004.]

DEANA HOWLAND, ET AL., *Appellants*, v. MAYBETH A. GROUT, ET AL., *Respondents*.

*Thomas D. Dinwiddie* (of *Dinwiddie & Landry*), for appellants.

*John A. Miller* and *Joan K. Mell*, for respondents.

HUNT, J. — Deana Howland appeals summary judgment in favor of her employer, The Old Cannery Furniture Warehouse. She argues the trial court erred in ruling that Washington's Industrial Insurance Act[1] barred her lawsuit. We disagree and affirm.

## FACTS

### I. INJURY ON THE JOB; LABOR & INDUSTRIES PAYMENT

Deana Howland began working for The Old Cannery Furniture Warehouse in July 2001. Approximately three weeks later, she tripped over a hole in the floor near the front counter and twisted her left ankle. Another Old Cannery employee, Amy Gloyne, also twisted her ankle near the front counter that day. Both employees filled out employee accident reports, but neither sought medical attention.

Six days later, Howland twisted her right ankle near the front counter. This time she sought medical attention. Old Cannery's front counter manager at the time, Linda Klopp, put Howland on light duty per physician's orders, but ultimately asked Howland to stay home and rest because she (Howland) was not complying with the doctor's limitations. Howland never returned to work.

Howland filed a complaint with the Department of Labor and Industries (L&I). L&I accepted the claim and paid

---

[1] Title 51 RCW.

Howland $924.20 for "medical treatment and other benefits as appropriate under the industrial insurance law." Clerk's Papers at 137, 132.

## II. Lawsuit

Howland and her husband, Daryle, sued Old Cannery, alleging personal injury and loss of consortium resulting from Old Cannery's negligence. They sought damages for Deana's pain, suffering, and mental anguish and damages for Daryle; lost wages; and medical expenses.

Old Cannery moved for summary judgment, claiming that the immunity provision in Washington's Industrial Insurance Act (IIA) barred Howland's claim. Old Cannery submitted affidavits from a number of current and former employees, as well as accident reports and safety committee meeting notes, about the condition of the floors and injuries that had occurred at the warehouse before Howland's injury. In opposition Howland submitted material to rebut Old Cannery's claim that its conduct did not fall within the IIA's "deliberate intention" exception to employer immunity.

The trial court granted Old Cannery's motion for summary judgment and dismissed Howland's complaint with prejudice. Howland appeals.

After the appeal commenced, Old Cannery moved to compel Howland to pay for the transcript of the verbatim report of proceedings of the summary judgment hearing. The trial court denied the motion.

## ANALYSIS

### Summary Judgment

### A. Standard of Review

■ When reviewing an order of summary judgment, we engage in the same inquiry as the trial court. *Wilson v.*

*Steinbach*, 98 Wn.2d 434, 437, 656 P.2d 1030 (1982). Summary judgment is appropriate only if the pleadings, affidavits, depositions, and admissions on file demonstrate the absence of any genuine issues of material fact, and that the moving party is entitled to judgment as a matter of law. CR 56(c); *In re Marriage of Ferree*, 71 Wn. App. 35, 43, 856 P.2d 706 (1993). We consider all facts submitted and all reasonable inferences from them in the light most favorable to the nonmoving party. *Ferree*, 71 Wn. App. at 44.

■ After the moving party has submitted adequate affidavits, the burden shifts to the nonmoving party to set forth specific facts sufficiently rebutting the moving party's contentions and disclosing the material issues of fact. *Ferree*, 71 Wn. App. at 44. The trial court should grant a motion for summary judgment only if, from all the evidence, reasonable persons could reach but one conclusion. *Wilson*, 98 Wn.2d at 437; *Ferree*, 71 Wn. App. at 44.

## B. Industrial Insurance Act

■■ The Industrial Insurance Act, codified at Title 51 RCW entitles injured employees to "speedy, no-fault compensation for injuries sustained on the job" and gives employers immunity from employee's civil suits. *Folsom v. Burger King*, 135 Wn.2d 658, 664, 958 P.2d 301 (1998). The legislature created an exception to this rule, permitting employees to file suit against their employers when the employer deliberately injures the employee:

> If injury results to a worker from the *deliberate intention* of his or her employer to produce such injury, the worker or beneficiary of the worker shall have the privilege to take under this title and also have cause of action against the employer as if this title had not been enacted, for any damages in excess of compensation and benefits paid or payable under this title.

RCW 51.24.020 (emphasis added). Washington courts have narrowly interpreted this exception. *Birklid v. Boeing Co.*, 127 Wn.2d 853, 860, 904 P.2d 278 (1995); *see also Judy v.*

*Hanford Envtl. Health Found.*, 106 Wn. App. 26, 32, 22 P.3d 810, *review denied*, 144 Wn.2d 1020 (2001).

■■ In order for an employer's actions to fall under the exception, the employee must prove: (1) "the employer had actual knowledge that an injury was certain to occur," and (2) the employer "willfully disregarded that knowledge." *Birklid*, 127 Wn.2d at 865. *Birklid's* progeny further define the first prong's requirements:

> Washington courts have required *a specific intent to injure* in order to sustain a claim under RCW 51.24.020. *Nielson v. Wolfkill Corp.*, 47 Wn. App. 352, 355, 734 P.2d 961 [*review denied*, 109 Wn.2d 1008] (1987). Mere negligence does not rise to the level of deliberate intention. *Delthony v. Standard Furniture Co.*, 119 Wash. 298, 299-300, 205 P. 379 (1922). Gross negligence and a failure to follow safety procedures does not constitute a specific intent to injure. *Peterick v. State*, 22 Wn. App. 163, 189, 589 P.2d 250 (1977); *Biggs v. Donovan-Corkery Logging Co.*, 185 Wash. 284, 54 P.2d 235 (1936). Even an act that has substantial certainty of producing injury does not rise to the level of specific intent to cause injury. *Higley v. Weyerhaeuser Co.*, 13 Wn. App. 269, 271-72, 534 P.2d 596 [*review denied*, 85 Wn.2d 1013] (1975).

*Folsom*, 135 Wn.2d at 664-65 (emphasis added). *See also Goad v. Hambridge*, 85 Wn. App. 98, 103, 931 P.2d 200, *review denied*, 132 Wn.2d 1010 (1997). Howland alleged in her complaint that Old Cannery's "actual knowledge that an injury was certain to occur and [willful] disregard [of] that knowledge was an act with deliberate intention" under RCW 51.24.020. But the facts that she alleges, even taking them in the light most favorable to her, do not show actual knowledge of certain injury as required under *Birklid*.

Old Cannery submitted seven affidavits that no one had ever been injured on the flooring near the front counter. The interrogatories and accident reports Howland submitted in response to these affidavits show only that customers and employees had previously injured themselves in various places around the warehouse, including the front counter area where Howland was injured. The documents also show

that the safety committee had concerns about the condition of the floor in front of the counter. At best, these documents demonstrate that Old Cannery may have been negligent in not repairing the floor after Howland's initial injury. As noted above, however, proof of negligence—even gross negligence or failure to follow safety procedures—is insufficient to invoke the IIA's exception to employer immunity. *See Folsom*, 135 Wn.2d at 665.

Just as in *Judy*, it was "arguably foreseeable, or maybe even substantially certain," based on prior accidents and the floor's condition that Howland might injure herself. *Judy*, 106 Wn. App. at 33. This is insufficient, however, to prove that Old Cannery had actual knowledge of *certain injury* as required by *Birklid. See also Goad*, 85 Wn. App. at 104 (employer's knowledge that any injury was potential was insufficient evidence that an injury was certain to occur as required by *Birklid*).

Because Howland fails to satisfy the first prong of the *Birklid* test, whether that as a matter of law the trial court properly granted Old Cannery's motion for summary judgment we need not address the second prong. *Judy*, 106 Wn. App. at 32 (Summary judgment must be granted unless a reasonable jury could conclude that both prongs are satisfied.).

Affirmed.

QUINN-BRINTNALL, C.J., and MORGAN, J., concur.

Review denied at 153 Wn.2d 1027 (2005).